UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JADE LEANNE B., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | CASE NO. 2:22-CV-1383-DWC <br><br> ORDER REVERSING AND REMANDING DEFENDANT'S DECISION DENYING BENEFITS |

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of the denial of her application for disability insurance benefits (DIB) benefits. Pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Rule MJR 13, the parties have consented to proceed before the undersigned.

After considering the record, the Court concludes that this matter must be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this Order.

# I. BACKGROUND

Plaintiff protectively filed an application for DIB on November 25, 2019 alleging disability beginning June 18, 2019. Administrative Record (AR) 59. Her claim was denied initially on May 13, 2020 and upon reconsideration on October 9, 2020. AR 85, 91. Plaintiff requested a hearing before an Administrative Law Judge (ALJ), which was held June 4, 2021, during which Plaintiff was represented by counsel and testified on her own behalf. AR 35. On September 22, 2021 the ALJ issued a decision denying Plaintiff's claim. AR 12. Plaintiff requested review by the Appeals Counsel, which also denied her claim on July 25, 2022, becoming the final decision of the Commissioner. AR 1, 160; 20 C.F.R. §§ 404.981, 416.1481

# II. STANDARD

Pursuant to 42 U.S.C. § 405(g) this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). However, the Commissioner's decision must be affirmed if it is supported by substantial evidence and free of harmful legal error. 42 U.S.C. § 405(g); *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008).

Substantial evidence "is a highly deferential standard of review." *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009). The Supreme Court describes it as "more than a mere scintilla." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153 (2019). "It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotations omitted).

### III. THE ALJ'S FINDINGS

At step one of the sequential evaluation the ALJ found Plaintiff met the insured status requirements through June 30, 2022. AR 17.

At step two the ALJ found Plaintiff had not engaged in substantial gainful activity since her alleged onset date of disability. *Id*.

At step three the ALJ found Plaintiff had the severe impairments of depression, anxiety, post-traumatic stress disorder, ulcerative colitis, borderline personality disorder, and stimulant use disorder. AR 18; 20 CFR § 404.1571. The ALJ also found Plaintiff does not have any impairment or combination of impairments that meets or medically equals the severity of a listed impairment. AR 19; 20 CFR §§ 404.1520, 404.1526.

The ALJ assessed Plaintiff with an RFC to perform medium work as defined in 20 CFR § 404.1567(c) except a bathroom must be on the premises and Plaintiff is limited to: understanding and carrying out simple instructions consistent with reasoning level one or two; occasional contact with the general public; and, a work environment with few changes. AR 21.

At step four the ALJ found Plaintiff could not return to her past relevant work. AR 28.

At step five the ALJ determined that a person of Plaintiff's age, with a similar level of education, work experience, and RFC remained capable of performing jobs existing in substantial numbers in the national economy such as Basket Filler, Garment Sorter, and Bakery Worker. AR 29.

### IV. DISCUSSION

Plaintiff argues: (1) the ALJ's conclusion regarding the RFC that the Plaintiff does not require additional breaks or other accommodations due to her ulcerative colitis was not supported by substantial evidence, and; (2) the ALJ failed to provide legally sufficient reasons

for rejecting the opinion of treating gastrointestinal specialist Kindra Clark-Snustad, as well as key limitations set forth by agency medical consultants Christine Harmon, M.D. and Richard Barnes, M.D.. *See generally*, Dkt. 11.

**A. Testimonial Evidence**

Plaintiff testified that during a flare of her ulcerative colitis she would need to be in the bathroom for extra breaks, for between fifteen minutes to several hours, depending on the severity of the episode. AR 49. Yet, the ALJ summarily stated that "the record does not show that the claimant needs to use the restroom frequently". AR 26. Plaintiff contends this conclusion is refuted by her testimony, among other evidence, and that the ALJ's failure to include this limitation in her RFC renders it unsupported by substantial evidence. Dkt. 11 at 8. The Court therefore analyzes whether the ALJ properly discounted Plaintiff's subjective testimony.

    1. <u>Standard</u>

"The ALJ conducts a two-step analysis to assess subjective testimony where, under step one, the claimant must produce objective medical evidence of an underlying impairment or impairments that could reasonably be expected to produce some degree of symptom." *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) (citation and internal quotation marks omitted). "If the claimant meets this threshold and there is no affirmative evidence of malingering, the ALJ can reject the claimant's testimony about the severity of [his] symptoms only by offering specific, clear and convincing reasons for doing so." *Id*.

When assessing a claimant's credibility the ALJ may consider "ordinary techniques of credibility evaluation," such as reputation for lying, prior inconsistent statements concerning symptoms, and other testimony that "appears less than candid." *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996). The ALJ may also consider if a claimant's complaints are "inconsistent

with clinical observations[.]" *Regennitter v. Commissioner of Social Sec. Admin.*, 166 F.3d 1294, 1297 (9th Cir. 1998).

However, affirmative evidence of symptom magnification, or malingering, relieves an ALJ from the burden of providing specific, clear, and convincing reasons for discounting a claimant's testimony. *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006); *Morgan v. Comm'r of Soc. Sec. Admin.,* 169 F.3d 595, 599 (9th Cir. 1999); *Berry v. Astrue*, 622 F.3d 1228, 1235 (9th Cir. 2010) (upholding finding where ALJ "pointed to affirmative evidence of malingering"). Questions of credibility are solely within the control of the ALJ. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). The Court should not "second-guess" this credibility determination. *Allen v. Heckler*, 749 F.2d 577, 580 (9th Cir. 1984). In addition, the Court may not reverse a credibility determination where that determination is based on contradictory or ambiguous evidence. *Id*. at 579.

2. Analysis

The ALJ found objective medical evidence supporting a step-three finding that Plaintiff's ulcerative colitis was one of her "severe" impairments. AR 18. However, the ALJ then rejected her "statements about the intensity, persistence, and limiting effects of her symptoms" by finding "objective medical evidence does not show that the claimant's symptoms are as limiting as she alleges." AR 26.

Once a claimant has established a severe impairment "an [ALJ] may not reject [her] subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity" of her symptoms. *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009)(ALJ may not reject claimant's testimony based solely upon a lack of supporting medical evidence). Here, the ALJ rejected Plaintiff's testimony solely upon an alleged lack of corroborating medical evidence. AR 49. Thus, the Court finds the ALJ erred by rejecting

Plaintiff's testimony that she would need to be in the bathroom for extra breaks of fifteen minutes to several hours during a flare of ulcerative colitis (depending on severity) as legally erroneous. AR 49.

      Notably, the ALJ separately stated that Plaintiff's activities of daily living were inconsistent with her "allegations of disabling symptoms and limitations", globally. AR 26. To the extent this finding may be construed as additional reasoning to reject Plaintiff's testimony regarding her ulcerative colitis-related limitations, the Court finds that the ALJ failed to explain how or why Plaintiff's activities of daily living (such as caring for her cat, driving a car, shopping at stores, watching movies, coloring, and talking on the phone to her foster mother) are inconsistent with her alleged need to frequently use the bathroom. *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996)("General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints."). Therefore, the Court additionally finds that Plaintiff's activities of daily living was not a clear and convincing reason based upon substantial evidence to reject Plaintiff's testimony regarding how frequently she needs to use the bathroom during a flare. AR 26.

## B. Medical Evidence

### 1. Standard

      Under the revised regulations, ALJs "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s) …". 20 C.F.R. §§ 416.1520c(1) and 416.920c(a). Instead, ALJs must consider every medical opinion or prior administrative medical findings in the record and evaluate each opinion's persuasiveness using a list of factors listed. *See*, 20 C.F.R. §§ 416. 1520(c)(a) and 416.920c(a). The two most important factors are the opinion's "supportability" and "consistency." *Id*. ALJs must explain "how [they] considered the supportability and consistency

factors for a medical source's medical opinions or prior administrative medical findings in [their] . . . decision." 20 C.F.R. §§ 416.1520c(b)(2) and 416.920c(b)(2).

"Supportability means the extent to which a medical source supports the medical opinion by explaining the 'relevant … objective medical evidence.'" *Woods v. Kijakazi*, 32 F.4th 785, 791-2 (9th Cir. 2022) (citing 20 C.F.R. § 404.1520c(c)(1)); *see also*, 20 C.F.R. § 416.920c(c)(1). "Consistency means the extent to which a medical opinion is 'consistent … with the evidence from other medical sources and nonmedical sources in the claim.'" *Id*. at 792 (citing 20 C.F.R. § 404.1520c(c)(2)); *see also*, 20 C.F.R. § 416.920c(c)(2).

2. Christine Harmon, M.D. and Richard Barnes, M.D.

State-agency medical consultants Christine Harmon, M.D. (Harmon) and Richard Barnes, M.D. (Barnes) performed an initial review of Plaintiff's record and found that although she was capable of performing "medium" level work, due to ulcerative colitis her functioning would be limited "when flared as it induces some fatigue (and) requires frequent use of bathroom use". AR 79.

The ALJ rejected Harmon and Barnes's opinion, stating:

> Regarding the prior administrative medical findings, the State agency medical consultant, Christine Harmon, M.D. and Richard Barnes, M.D., stated that the claimant is able to perform the full range of medium work due to ulcerative colitis, which **limits exertional functioning when flared as it induces some fatigue and requires frequent bathroom use** (Exhibits 2A; 4A). I find these opinions are not persuasive, as they are note [sic] consistent with the record as a whole. The State agency medical consultants supported these findings with explanation of what the consultants saw in the record, such **as review of records** showing that the claimant's ulcerative colitis was either absent, under control, or in remission (Exhibit 4A/8). However, **the record supports a lesser degree of restriction without frequent bathroom use**. These opinions are **vague, as they do not explain what frequent use of the restroom means**. Furthermore, the record does not show that the claimant needs to use the restroom frequently, in fact, as noted above, the records showed that her ulcerative colitis was either absent, under control, or in remission.

AR 26-27 (emphasis added).

1    This finding is not sufficiently specific for the Court to meaningfully review it to
2 determine if it is supported by substantial evidence, as the ALJ fails to identify what evidence in
3 the record "supports a lesser degree of restriction without frequent bathroom use" and how. *See*
4 *e.g., Embrey v. Bowen*, 849 F.2d 418, 421-422 (9th Cir. 1988) ("it is incumbent on the ALJ to
5 provide detailed, reasoned, and legitimate rationales for disregarding the physicians' findings[;]"
6 conclusory reasons do "not achieve the level of specificity" required to justify an ALJ's rejection
7 of an opinion); *see also*, *McAllister v. Sullivan*, 888 F.2d 599, 602 (9th Cir. 1989) (an ALJ's
8 rejection of a physician's opinion on the ground that it was contrary to clinical findings in the
9 record was "broad and vague, failing to specify why the ALJ felt the treating physician's opinion
10 was flawed").
11   In addition, if the ALJ was unclear about what Harmon and Barnes meant by "frequent"
12 use of the bathroom, the ALJ had a duty to further develop the record to resolve this perceived
13 conflict. *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001)("Ambiguous evidence, or
14 the ALJ's own finding that the record is inadequate to allow for proper evaluation of the
15 evidence, triggers the ALJ's duty to "conduct an appropriate inquiry."). The AJL could have
16 discharged her duty to clarify what "frequent" means by subpoenaing the Plaintiff's physicians,
17 submitting questions to her physicians, keeping the record open after a re-hearing to allow
18 supplementation, or by other methods suggested by the Appeals Council. *Id*. (citing *Tidwell v.*
19 *Apfel*, 161 F.3d 599, 602 (9th Cir.1998); *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir.1996).
20   In sum, the ALJ's rejection of Harmon and Barnes was legally erroneous and not
21 supported by substantial evidence in the record.
22   3. <u>Kindra Clark-Snustad, A.R.N.P.</u>
23   In May 2021 Nurse Practitioner Kindra Clark-Snustad (Clark-Snustad) wrote a letter
24 describing Plaintiff's medical history of ulcerative colitis, which she explained "is a chronic

autoimmune disease that can cause intermittent, unpredictable symptom flares with abdominal pain, diarrhea, blood in the stool and fatigue." AR 857. She stated that Plaintiff had been diagnosed with ulcerative colitis in 2014 and undergone treatment with "Remicade", which she seemed to be allergic to so was switched to "Entyvio", and that she also used "Azathioprine." *Id*. Clark-Snustad explained that Plaintiff's need for life-long use of "immunosuppressant therapies" put her at "increased risk of infection" requiring her to "follow more restrictive precautions." *Id*.

Clark-Snustad opined that Plaintiff would be expected to miss work more than twice a month, would require additional breaks beyond customarily scheduled work breaks, and would require accommodations such as flexible scheduling to sustain employment. AR 860.

The ALJ analyzed Clark-Snustand's opinion in two-parts. Regarding the first portion of Clark-Snustand's opinion, the ALJ stated:

> I find that this opinion is not persuasive, as it is an opinion regarding whether the claimant is or is not able to work. This is evidence that is inherently neither valuable nor persuasive; **therefore, I will not provide any analysis about how such evidence was considered in the decision** (20 CFR 416.920b(c)(3)(i).

AR 27 (emphasis added).

Regarding the second portion of Clark-Snustad's opinion, the ALJ found it was "not well supported or consistent with the overall record" such as a February 2020 colonoscopy that was "normal" indicating "inactive disease", as well as other examinations indicating Plaintiff's disease was "in remission" and her abdomen appeared "normal". AR 28.

Plaintiff contends that the ALJ incorrectly concluded the first portion of Clark-Snustad's opinion was a disfavored administrative finding when, in fact, it included probative evidence regarding Plaintiff's life-long disease process and how treatment for it put her at greater risk of infection and required extra precautions, in addition to the fact Plaintiff's ability to work was likely impacted by the unpredictable and intermittent flares that are inherently part of the disease

process. Dkt. 11 at 4-5. The Court concurs with Plaintiff that these statements constitute probative evidence that the ALJ could not legally disregard without comment. *Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995)(internal quotations omitted)(The Commissioner "may not reject 'significant probative evidence' without explanation."). Therefore, the Court finds the ALJ committed legal error by rejecting the first portion of Clark-Snustad's opinion without comment.

The Court further finds that the ALJ's conclusion that the second portion of Clark-Snustad's opinion was not well supported or consistent with the record was also legally erroneous.

First, the ALJ's finding that Clark-Snustad's opinion was not supported is belied by the fact Plaintiff's ulcerative colitis physician (Dr. Scott Lee at the University of Washington Inflammatory Bowel Disease Clinic) with whom Clark-Snustad worked, diagnosed Plaintiff with ulcerative colitis and prescribed several medications to treat it, and conducted regular testing and examinations. AR 858. The fact Plaintiff had some "normal" examinations is not substantial evidence upon which to find Clark-Snustad's opinion lacks internal support, as her opinion speaks to the long-term impact of the disease process on Plaintiff's general health, as well as the acute impact flares have on her daily life. AR 858.

Second, the ALJ's finding that Clark-Snustand's opinion is inconsistent with the record as a whole is belied by the improperly discredited supporting opinions of Harmon and Barnes, as discussed above, and by Plaintiff's improperly discredited testimony, also discussed above.

In sum, the ALJ's rejection of Clark-Snustad was legally erroneous and not supported by substantial evidence in the record.

**C. Harmless Error**

"[H]armless error principles apply in the Social Security context." *Molina*, 674 F.3d at 1115. An error is harmless, however, only if it is not prejudicial to the claimant or

"inconsequential" to the ALJ's "ultimate nondisability determination." *Id.; see also Stout v. Commissioner, Social Security Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006). The Ninth Circuit has stated "'a reviewing court cannot consider an error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination.'" *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) (quoting *Stout*, 454 F.3d at 1055-56). The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-1119 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)).

Here, the ALJ's erroneous rejection of Plaintiff's testimony and the above discussed medical opinions was not harmless because if the ALJ had credited some or all of this evidence she could have made a different RFC assessment, which might have resulted in a different outcome. For instance, as Plaintiff points out, the vocational expert who testified at Plaintiff's hearing stated that customarily two fifteen minute breaks are allowed along with a lunch break of half an hour to an hour and restroom breaks "within normal tolerances". Dkt. 11 at 9 (citing AR 54). The vocational clarified that two to three additional unscheduled breaks of ten to fifteen minutes "would be problematic for retaining employment". *Id*.

On remand, the ALJ shall reevaluate all evidence regarding Plaintiff's ulcerative colitis and perform a new sequential evaluation consistent therewith.

## V. CONCLUSION

For the foregoing reasons, the Court REVERSES and REMANDS the decision pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Order.

Dated this 20th day of June, 2023.

David W. Christel
United States Magistrate Judge

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION DENYING BENEFITS
- 12